Pryor & Mandelup, L.L.P.
Attorneys for Chapter 7 Trustee
675 Old Country Road
Westbury, New York 11590
516-997-0999
Anthony F. Giuliano, Esq.
afg@pryormandelup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

|  |  |  |
|---|---|---|
|  | Chapter 7 |  |
| A & B MART & SERVICE, INC., ET AL. | Case Nos.: | 15-70118 (AST) |
| BOHEMIA DEVELOPMENT CORP., |  | 15-70119 (AST) |
| CENTEREACH DEVELOPMENT CORP., |  | 15-70120 (AST) |
| CORAM DEVELOPMENT CORP., |  | 15-70121 (AST) |
| HAUPPAUGE DEVELOPMENT CORP., |  | 15-70122 (AST) |
| NORTHPORT ENTERPRISES, INC., |  | 15-70123 (AST) |
| VALLEY STREAM ENTERPRISES, INC., |  | 15-70124 (AST) |
| MAPLE AVENUE HAUPPAUGE DEVELOPMENT CORP. |  | 14-75674 (AST) |
| PORT JEFFERSON DEVELOPMENT CORP. |  | 14-75675 (AST) |
| MEDFORD DEVELOPMENT CORP. |  | 14-75666 (AST) |
| AIRPORT DEVELOPMENT CORP. |  | 14-75683 (AST) |
| WHEELER DEVELOPMENT LLC |  | 14-75668 (AST) |
| SMITHTOWN DEVELOPMENT CORP. |  | 14-75669 (AST) |
| BRENTWOOD DEVELOPMENT CORP. |  | 14-75670 (AST) |
| RONKONKOMA DEVELOPMENT CORP. |  | 14-75676 (AST) |
| ISLANDIA DEVELOPMENT CORP. |  | 14-75677 (AST) |
| OCEANSIDE ENTERPRISES, INC. |  | 14-75678 (AST) |
| ISLIP DEVELOPMENT CORP. |  | 14-75679 (AST) |
| WESTBURY ENTERPRISES, INC. |  | 14-75680 (AST) |
| 303 MAPLE AVENUE, LLC |  | 15-74913 (AST) |
| Debtors. | Substantively Consolidated |  |
|  | Under Case No. 15-70118 (AST) |  |

-------------------------------------------------------------------X

**CHAPTER 7 TRUSTEE'S OBJECTION TO THE FOLLOWING PROOFS OF CLAIM
FILED BY SUDHEER KUMAR: (i) CLAIM NOS. 22-1, 6-1, 7-1, 8-1, 7-1, 6-1, 10-1, 11-1,
4-1, 10-1 AND 11-1**

**TO:   HON. ALAN S. TRUST
        UNITED STATES BANKRUPTCY JUDGE**

Robert L. Pryor, Esq., Chapter 7 trustee (the "Trustee") of the bankruptcy estate of the

above-captioned substantively consolidated debtor (the "Consolidated Debtor"), by his attorneys,

Pryor & Mandelup, LLP, hereby moves the Court for an order: (a) reclassifying the following Proofs of Claim filed by Sudeer Kumar ("Claimant") as general unsecured claims: (i) Claim No. 22-1 filed against Airport Development Corp.;   (ii) Claim No. 6-1 filed against Brentwood Development Corp.; (iii) Claim No. 7-1 filed by against Brentwood Development Corp.; (iv) Claim No. 8-1 filed against Islandia Development Corp.; (v); Claim No. 7-1 filed against Islip Development Corp.; (vi) Claim No. 6-1 filed against Maple Avenue Hauppauge Development Corp.; (vii) Claim No. 10-1 filed against Medford Development Corp.; (viii) Claim No. 11-1 filed against Oceanside Enterprises, Inc.; (ix) Claim No. 4-1 filed against Port Jefferson Development Corp.; (x) Claim No. 10-1 filed against Ronkonkoma Development Corp.; and (xi) Claim 11-1 filed against Wheeler Development Corp.; and (b) for such other and further relief as the Court deems just and proper and respectfully sets forth as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O); to the extent it may be determined that this is not a core proceeding, the Trustee consents to having final judgment entered by this Court.

2.      The statutory predicate for the relief requested herein is 11 U.S.C. § 105(a), 502 and 558 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On December 24, 2015, Medford Development Corp., Airport Development Corp., Wheeler Development LLC, Smithtown Development Corp., Brentwood Development Corp., Ronkonkoma Development Corp., Islandia Development Corp., Oceanside Enterprises,

Inc., Islip Development Corp., Westbury Enterprises, Inc., Maple Avenue Hauppauge Development Corp., and Port Jefferson Development Corp. filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 the Bankruptcy Code.  These cases were subsequently converted to Chapter 7.

4.      On January 13, 2015, A&B Mart & Service, Inc., Bohemia Development Corp., Centereach Development Corp., Coram Development Corp., Hauppauge Development Corp., Northport Enterprises, Inc., and Valley Stream Enterprises, Inc. filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

5.      On November 16, 2015, 303 Maple Avenue, LLC filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6.      By order dated August 5, 2016 (the "Substantive Consolidation Order") all of the aforementioned debtors' cases were substantively consolidated into debtor A&B Mart & Service Inc., Case No. 15-70118-ast for all purposes (the "Consolidated Debtor"). Also pursuant to the Substantive Consolidation Order, all proofs of claim filed in the above-captioned cases are deemed to be filed in Case No. 15-70118 and all duplicate claims are expunged.

7.      The Trustee is duly appointed, qualified, and acting as the trustee of the bankruptcy estate (the "Consolidated Estate") of the Consolidated Debtor.

**BASIS FOR RELIEF REQUESTED**

8.      Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto.  *See* 11 U.S.C. § 502(a).  Rule 3007 of the Bankruptcy Rules provides that an objection must be in writing, and that the claimant must be provided with not less than 30 days notice of the hearing to be held in respect of such objection.  *See* Fed.R.Bankr.P. 3007.

9.      "[I]f such objection to a claim is made, the court, after notice and a hearing … shall allow such claim in such amount except to the extent that … such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured …." 11 U.S.C. § 502(b)(1).

10.      The Trustee has initiated the daunting task of reviewing and reconciling the hundreds of claims filed in each of the twenty (20) bankruptcy cases making up the Consolidated Debtor. As part of this process the Trustee and his professionals have reviewed all claims filed in this Consolidated case.

11.      Upon review of the claims filed in this case, the Trustee has identified proofs of claim that he believes should be disallowed and expunged or reduced and allowed.

12.      The Trustee hereby objects to the following claims for the reasons detailed below: (i) Claim No. 22-1 filed against Airport Development Corp. (Annexed hereto as "Exhibit A" is a copy of Claim No. 22-1);   (ii) Claim No. 6-1 filed against Brentwood Development Corp. (Annexed hereto as "Exhibit B" is a copy of Claim No. 6-1); (iii) Claim No. 7-1 filed by against Brentwood Development Corp. (Annexed hereto as "Exhibit C" is a copy of Claim No. 7-1); (iv) Claim No. 8-1 filed against Islandia Development Corp. (Annexed hereto as "Exhibit D" is a copy of Claim No. 8-1); (v); Claim No. 7-1 filed against Islip Development Corp. (Annexed hereto as "Exhibit E" is a copy of Claim No. 7-1); (vi) Claim No. 6-1 filed against Maple Avenue Hauppauge Development Corp. (Annexed hereto as "Exhibit F" is a copy of Claim No. 6-1); (vii) Claim No. 10-1 filed against Medford Development Corp. (Annexed hereto as "Exhibit G" is a copy of Claim No. 10-1); (viii) Claim No. 11-1 filed against Oceanside Enterprises, Inc (Annexed hereto as "Exhibit H" is a copy of Claim No. 11-1).; (ix) Claim No. 4-1 filed against Port Jefferson Development Corp. (Annexed hereto as "Exhibit I" is a copy of Claim No. 4-1);

(x) Claim No. 10-1 filed against Ronkonkoma Development Corp. (Annexed hereto as "Exhibit J" is a copy of Claim No. 10-1); and (xi) Claim 11-1 filed against Wheeler Development Corp. (Annexed hereto as "Exhibit K" is a copy of Claim No. 11-1). (Each of the foregoing claims shall be referred to collectively as the "Claims").[1]

13.    Each of the Claims are asserted as priority wage claims pursuant to 11 U.S.C. § 507(a)(4). A review of the Claims however reveal that they are actual for loans purported given by Claimant to individuals who may have been employed by the Consolidated Debtors. As such, these are not claims for a debt due from the Consolidated Debtor but rather from non-debtor third-parties.

14.    Although not stated in the Claims, to the extent that Claimant is asserting subrogation rights to claims entitled to priority status pursuant to 11 U.S.C. § 507(a)(4) such claims cannot be asserted as priority pursuant to 11 U.S.C. § 507(d)( "An entity that is subrogated to the rights of a holder of a claim of a kind specified in . . . (a)(4) . . . of this section is not subrogated to the right of the holder of such claim to priority under such section").

15.    As such, the Claims must be reclassified as general unsecured claims by the Court.

### RESERVATION OF RIGHTS

16.    The Trustee reserves his right to further amend, supplement, revise, object or otherwise respond to any and all claims objected to in this Objection on any and all additional factual or legal grounds relevant to such claims and, without limitation on the foregoing, to: (i) amend the Objection, (ii) adjourn any hearing scheduled on claims addressed herein, (iii) file additional papers in support of this Objection, and (iv) take all other appropriate actions to (a)

---

[1] The Claimant filed a total of thirteen (13) claims against the Debtor. This objection relates to eleven (11) of the claims. The remaining two claims, Claim No. 11-1 and 12-1 filed against Brentwood Development Corp. are not being objected at this time as they appear to be for unpaid wages asserted by Claimant.

respond to any allegation or defense that may be raised in a response filed by or on behalf of any claimant or other party-in-interest in this case, (b) further object to any claims addressed in this Objection for which a claimant herein provides (or attempts) to provide additional documentation or substantiation of its claim, and/or (c) further object to any claim addressed herein based upon additional information that may be discovered upon further review by the Trustee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order: (a) reclassifying the following Proofs of Claim filed by Sudeer Kumar ("Claimant") as general unsecured claims: (i) Claim No. 22-1 filed against Airport Development Corp.;  (ii) Claim No. 6-1 filed against Brentwood Development Corp.; (iii) Claim No. 7-1 filed by against Brentwood Development Corp.; (iv) Claim No. 8-1 filed against Islandia Development Corp.; (v); Claim No. 7-1 filed against Islip Development Corp.; (vi) Claim No. 6-1 filed against Maple Avenue Hauppauge Development Corp.; (vii) Claim No. 10-1 filed against Medford Development Corp.; (viii) Claim No. 11-1 filed against Oceanside Enterprises, Inc.; (ix) Claim No. 4-1 filed against Port Jefferson Development Corp.; (x) Claim No. 10-1 filed against Ronkonkoma Development Corp.; and (xi) Claim 11-1 filed against Wheeler Development Corp.; and (b) for such other and further relief as the Court deems just and proper.

Dated: Westbury, New York
          March 16, 2018

**PRYOR & MANDELUP, L.L.P.**,
*Attorneys to the Trustee*

By:   */s/Anthony F. Giuliano*
          Anthony F. Giuliano, Esq.
          675 Old Country Road
          Westbury, New York 11590
          (516) 997-0999
          afg@pryormandelup.com

i:\client_files\a&b mart & related cases\claims objections\sudeer kumar\objection to claim sudeer kumar.docx